UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID COLOMBIA et al., <br><br> Plaintiffs, <br><br> v. <br><br> JACQUELINE CUMMINGS-TOLLIVER, <br><br> Defendant. | CASE NO. 2:25-mc-00078-LK <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiffs' Motion for An Order to Show Cause under Rule 45. Dkt. No. 1. For the following reasons, the Court orders Plaintiffs to show cause why this matter should not be transferred to the United States District Court for the District of Colorado pursuant to Federal Rule of Civil Procedure 45(f).

Plaintiffs David Colombia and Alisa Colombia seek an order to show cause "why Jacqueline Cummings-Tolliver should not be held in contempt for failing to appear at her court-ordered deposition after personal service with a witness fee" in *Colombia v. Experian Information Solutions, Inc.*, No. 1:24-cv-2522 (D. Colo.). *Id.* at 1. "Plaintiffs also seek fees and costs associated with the nonappearance and this motion, with leave to file a fee declaration." *Id.*

ORDER TO SHOW CAUSE - 1

Federal Rule of Civil Procedure 45(d)(2)(B)(i) permits a serving party "on notice to the commanded person" to "move the court for the district where compliance is required for an order compelling production or inspection." Ms. Tolliver was personally served at her home address—10115 Holly Dr. #T104, Everett, Washington 98204—with a subpoena to appear for either a virtual deposition at her home in Everett, Washington or in person at Northwest Court Reporters, 20819 72nd Avenue South, Suite 625, Kent, Washington 98032 on November 17, 2025. Dkt. Nos. 1-1, 1-2. Plaintiffs aver that she failed to appear. Dkt. No. 1 at 1–3; *see also* Dkt. No. 1-3. Because Ms. Tolliver was commanded to appear in this district, Plaintiffs' motion is properly filed here under Rule 45. Fed. R. Civ. P. 45(d)(2)(B)(i). Plaintiffs also properly filed their motion in this Court pursuant to Federal Rule of Civil Procedure 37(a)(2), which provides that "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken."

However, Rule 45(f) gives this Court discretion to transfer subpoena-related motions to the issuing court. *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."). "Rule 45 itself does not expound on what constitutes 'exceptional circumstances;' however, the Advisory Committee Notes state that 'transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts,' so long as those interests outweigh the interests of the subpoenaed party in obtaining local resolution of the motion." *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 216-CV-00061-JAD-PAL, 2016 WL 593546, at *3 (D. Nev. Feb. 12, 2016) (quoting Fed. R. Civ. P. 45(f) Advisory Committee Notes (2013)). The Advisory Committee Notes do not provide an exhaustive list of all circumstances in which transfer is appropriate under Rule 45(f), but instead engage in a balancing

test. "On one hand, the court considers the burden on the party responding to the subpoena in the event of a transfer, and on the other hand, the court considers factors such as judicial economy, docket management, and the risk of inconsistent rulings." *Id.*

Here, it appears the parties are on the eve of completion of discovery; the issuing court in Colorado recently granted Plaintiffs' motion for an extension of fact discovery deadlines, which Plaintiffs sought in part because of Ms. Tolliver's "no-show" deposition. *Colombia v. Experian Info. Sols., Inc.*, No. 1:24-cv-02522-NYW-SBP, Dkt. No. 74 at 3 (D. Colo. Dec. 8, 2025); *see also id.*, Dkt. No. 77 (D. Colo. Dec. 9, 2025).[1] The Colorado court is in a much better position to assess the prejudice to Plaintiffs caused by Ms. Tolliver's failure to appear at her deposition and what sanctions are warranted for that failure. That court has presided over the litigation for 15 months and is familiar with the underlying facts and legal issues in the case. Furthermore, Plaintiffs appear to seek fees regardless of whether Ms. Tolliver physically appears in court to show cause, *see, e.g.*, Dkt. No. 1-5 at 1; given this choice of sanctions (as opposed to incarceration), it is unclear why it would not suffice to order Ms. Tolliver to show cause why sanctions should not issue by submitting her response in writing rather than appearing in person. For these reasons, transfer to the District of Colorado may be appropriate and avoid "piecemeal litigation in multiple fora[.]" *See P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017).

Therefore, Plaintiffs are ORDERED TO SHOW CAUSE why their Motion for an Order to Show Cause, Dkt. No. 1, should not be transferred to the United States District Court for the District of Colorado pursuant to Federal Rule of Civil Procedure 45(f). Plaintiffs must respond to this Order by December 23, 2025. Defendants and Ms. Tolliver may file optional replies by

---

[1] Courts may take judicial notice of public records, court filings and orders, and dockets in other cases. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Mahoney v. Holder*, 62 F. Supp. 3d 1215, 1219 (W.D. Wash. 2014).

ORDER TO SHOW CAUSE - 3

1  January 5, 2026. Plaintiffs are ORDERED to serve this Order and their Motion for an Order to
2  Show Cause on Ms. Tolliver and file proof of service by December 29, 2025. Plaintiffs are also
3  ORDERED to provide this Order and their Motion to Show Cause to defendants in *Colombia v.*
4  *Experian Information Solutions, Inc.*, No. 1:24-cv-2522 (D. Colo.) by December 29, 2025.

6  Dated this 19th day of December, 2025.

*[signature: Lauren King]*

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 4